_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02349-FWS-KES                                     Date: June 4, 2024
Title: Ameris Bank d/b/a Balboa Capital Corporation v. Tojik Trans LLC *et al*.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DISMISSING ACTION FOR FAILURE TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

### I.   Background

On December 12, 2023, Plaintiff Ameris Bank ("Plaintiff") filed a Complaint against Defendants Tojik Trans LLC and Behzod Yusupov (collectively, "Defendants") for the alleged breach of the written equipment financial agreement and the corresponding personal guaranty of that agreement. (Dkt. 1.)   On May 7, 2024, the court ordered Plaintiff to show cause regarding subject matter jurisdiction, (Dkt. 18), specifically as to "the citizenships of the members of Defendant Tojik Tran LLC," (*see id* at 2).  In the order, court expressly cautioned that "Failure to demonstrate a basis for the court's subject matter jurisdiction or comply with court orders **will** result in dismissal." (*Id* at 3.)   Plaintiff failed to respond to the order by the May 14, 2024, deadline set by the court and has not filed a response as of the date of this Order.  (*See generally* Dkt.)  Based on the state of the record, as applied to the applicable law, the court concludes it lacks subject matter jurisdiction over this matter.  Accordingly, the case is **DISMISSED WITHOUT PREJUDICE**.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (1994) (citation and internal quotation marks omitted).  This threshold requirement "'spring[s] from the nature and limits of

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02349-FWS-KES                                              Date: June 4, 2024
Title: Ameris Bank d/b/a Balboa Capital Corporation v. Tojik Trans LLC *et al.*

_____

the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). Thus, district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh*, 546 U.S. at 501. As relevant here, diversity jurisdiction requires complete diversity between the parties and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a); *see also Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant."). If a party is a partnership, limited liability company or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members, in evaluating jurisdiction. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). If a party is a corporation, the complaint must allege both its state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). If a party is a natural person, the complaint must allege their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02349-FWS-KES                                  Date: June 4, 2024
Title: Ameris Bank d/b/a Balboa Capital Corporation v. Tojik Trans LLC *et al.*

___

Because courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh*, 546 U.S. at 514, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3); *see also Arbaugh*, 546 U.S. at 514 ("("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). "While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits . . . it is not so when the dismissal is for lack of subject matter jurisdiction." *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.") (fn. omitted).

In this case, Plaintiff's complaint expressly relies on diversity jurisdiction.  (*See* Dkt. 1 at 2-3.)  However, the court finds Plaintiff has failed to allege facts demonstrating complete diversity as required for diversity jurisdiction.  With respect to the parties' citizenship, the Complaint alleges that: (1) Plaintiff is a Georgia state-charted banking corporation; (2) Defendant Tojik Trans LLC is an Ohio limited liability company with its principal place of business in the County of Clermont, Ohio; and (3) Defendant Yusupov is an individual residing in County of Clermont, Ohio.  (*See* Dkt. 1 ¶¶ 1-3.)  But the court observes the Complaint does not adequately describe or allege the citizenships of the members of Defendant Tojik Tran LLC.  (*See generally* Dkt 1.)  Because the citizenship of all members of a limited liability company must be alleged, the court finds Plaintiff has not sufficiently alleged complete diversity between the parties as required for subject matter jurisdiction under 28 U.S.C. § 1332.  *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016) (stating "with respect to a limited liability company, the citizenship of all of the members must be pled"); *see also Johnson*, 437 F.3d at 899 (stating "an LLC is a citizen of every state of which its owners/members are citizens.").  Because subject matter jurisdiction has not been adequately alleged, the court concludes dismissal without prejudice of the above-captioned case is appropriate.  *See California Diversified Promotions, Inc., v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02349-FWS-KES                              Date: June 4, 2024
Title: Ameris Bank d/b/a Balboa Capital Corporation v. Tojik Trans LLC *et al.*

must dismiss the action."); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 693, 699 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").

**II.    Disposition**

Accordingly, the case is **DISMISSED WITHOUT PREJUDICE**.  The Clerk is directed to **CLOSE** this case.

Initials of Deputy Clerk:  mku